COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-207-CR
 
  
EARNEST 
LEON VOYLES                                                        APPELLANT

 
V.

 
THE 
STATE OF TEXAS                                                                  STATE

 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
 
        Appellant 
Earnest Leon Voyles appeals his conviction for possession of child pornography. 
After the trial court denied his motion to suppress, Voyles pleaded nolo 
contendere in a plea agreement conditioned upon his right to appeal the trial 
court’s denial of the motion. The trial court found Voyles guilty and 
sentenced him to nine years’ imprisonment. In two issues, Voyles contends that 
the trial court erred by denying his motion to suppress because (1) the search 
warrant affidavit was unreliable, and (2) he had a reasonable expectation of 
privacy in his work computer. We will affirm.
II. 
Factual and Procedural Background
        In 
2000, Sergeant James Crouch of the Arlington Police Department received a tip 
indicating that Voyles had exchanged emails of a sexual nature with “Amy 
Chang,” a fifteen-year-old girl, in London, England.[1]  
According to the informant, Voyles had been soliciting sex from “Amy Chang” 
over the Internet and had recently made arrangements to meet her in London to 
engage in a sexual relationship. Although Sergeant Crouch made several attempts 
to contact ”Amy Chang” to discuss the emails with her, he was unsuccessful. 
However, based on information provided by the informant, Sergeant Crouch was 
able to verify that Voyles was employed as a teacher at Christine Barnett Junior 
High School in Arlington, Texas.
        On 
December 28, 2000, Sergeant Crouch sent Voyles an email describing himself as a 
fifteen-year-old girl named “C.J. Best,” who attended school in Fort Worth, 
Texas. In the email, “C.J. Best” told Voyles that she had received his 
address from some friends in a chat room and that she was always looking for a 
new chat buddy. Approximately two-and-a-half hours later, Sergeant Crouch 
received a response from Voyles, wherein Voyles indicated that he was interested 
in being chat buddies with “C.J. Best.”
        For 
approximately three weeks, Voyles and “C.J. Best” exchanged numerous emails, 
several of which were sexual in nature. On January 19, 2001, based on the 
information provided by “Amy Chang” and the contents of the emails sent from 
Voyles to “C.J. Best,” Sergeant Crouch obtained search warrants for 
Voyles’s home and work computers. Shortly thereafter, the Arlington Police 
Department searched both of Voyles’s computers and seized child pornography 
off the hard drives of each unit. Voyles was subsequently charged and indicted 
for possession of child pornography, a third degree felony. See Tex. Penal Code Ann. § 43.26 (Vernon 
2003).
        On 
August 23, 2002, Voyles filed a motion to suppress, alleging that all of the 
evidence obtained from his computers was inadmissible as the product of an 
unlawful search and seizure in violation of the First and Fourth Amendments to 
the United States Constitution and article I, sections 9 and 10 of the Texas 
Constitution.[2]  After a hearing, the trial 
court granted Voyles’s motion to suppress with respect to all of the evidence 
derived from his home computer, concluding that evidence was inadmissible 
because the search warrant affidavit was insufficient. However, the trial court 
denied Voyles’s motion to suppress the evidence obtained pursuant to the 
warrant authorizing the search of Voyles’s work computer, concluding that 
evidence was admissible because Voyles had no reasonable expectation of privacy 
in his work computer.
III. 
Standard of Review
        We 
review a trial court’s ruling on a motion to suppress under a bifurcated 
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. 
App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In 
reviewing the trial court's decision, we do not engage in our own factual 
review. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best 
v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). At a 
suppression hearing, the trial judge is the sole trier of fact and judge of the 
credibility of the witnesses and the weight to be given their testimony. State 
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Therefore, we give 
almost total deference to the trial court's rulings on (1) questions of 
historical fact and (2) application-of-law-to-fact questions that turn on an 
evaluation of credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 
652-53 (Tex. Crim. App. 2002); Best, 118 S.W.3d at 861-62. However, we 
review de novo a trial court’s rulings on mixed questions of law and fact if 
they do not turn on the credibility and demeanor of witnesses. Johnson, 
68 S.W.3d at 652-53.
IV. 
Reasonable Expectation of Privacy
        We 
first address Voyles’s contention that the trial court erred by denying his 
motion to suppress because he had a reasonable expectation of privacy in his 
work computer. Voyles maintains that he had a reasonable expectation of privacy 
because he took precautions to prevent others from accessing or viewing the 
information contained on his work computer. In response, the State argues that 
Voyles had no expectation of privacy in his work computer because it was owned 
by the school district, located in a public classroom designed for teaching 
students, and available for use by substitute teachers.
        The 
purpose of both the Fourth Amendment and Article I, section 9 of the Texas 
Constitution, “is to safeguard an individual's legitimate expectation of 
privacy from unreasonable governmental intrusions.” Villarreal v. State, 
935 S.W.2d 134, 138 (Tex. Crim. App. 1996). A defendant has standing to 
challenge the admission of evidence obtained by an intrusion by the government 
or a private individual only if he had a legitimate expectation of privacy in 
the place invaded. Id.; Davis v. State, 119 S.W.3d 359, 367 (Tex. 
App.—Waco 2003, pet. filed) (recognizing record supported determination that 
defendant lacked expectation of privacy in house). The defendant, as the party 
asserting the privacy expectation, has the burden of proving facts to establish 
that such an expectation exists. Villareal, 935 S.W.2d at 138.
        To 
establish a constitutionally protected privacy interest in a possession, a 
defendant must show that (1) she had an actual, subjective expectation of 
privacy in the invaded possession, and (2) her expectation of privacy was one 
that society accepts as reasonable. Smith v. Maryland, 442 U.S. 735, 740, 
99 S. Ct. 2577, 2580 (1979). The Texas Court of Criminal Appeals has articulated 
the following factors as relevant in determining whether the defendant's 
subjective expectation is one that society is prepared to recognize as 
objectively reasonable:
  
(1) 
whether the accused had a property or possessory interest in the place invaded; 
(2) whether he was legitimately in the place invaded; (3) whether he had 
complete dominion or control and the right to exclude others; (4) whether, prior 
to the intrusion, he took normal precautions customarily taken by those seeking 
privacy; (5) whether he put the place to some private use; and (6) whether his 
claim of privacy is consistent with historical notions of privacy.

 
Granados 
v. State, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002), cert. denied, 
123 S. Ct. 1578 (2003); Villareal, 935 S.W.2d at 138. However, this list 
of factors is not exhaustive and none of the factors are dispositive of a 
particular assertion of privacy; rather, courts must examine the circumstances 
surrounding the search in their totality. Villareal, 935 S.W.2d at 
138-39.
        In 
the instant case, Voyles contends that he took precautions to prevent others 
from accessing or viewing the information contained on his work computer. 
However, in reviewing the record, we have found no evidence to support his 
contention. In fact, because the only testimony presented at the suppression 
hearing was that of Sergeant Crouch, there is not any evidence in the record 
substantiating Voyles’s claim of privacy.
        In 
addition, several factors indicate that Voyles did not have a reasonable 
expectation of privacy with regard to his work computer and the materials stored 
in it. For example, the computer was owned by the Arlington School District and 
located at the teacher’s desk in a classroom computer lab. Voyles clearly did 
not have a property or possessory interest in the school’s computer.
        Moreover, 
while it is unclear if Voyles’s computer files were protected by a password, 
the computer at issue was available for use by substitute teachers. Thus, Voyles 
lacked complete dominion or control over the unit. See Rogers v. State, 
113 S.W.3d 452, 457 (Tex. App.—San Antonio 2003, no pet.) (holding defendant 
who gave personal computer’s hard drive to technician to repair lacked 
sufficient dominion or control over the pornographic jpeg files when he asked 
technician to back them up). Further, the computer was not placed in the 
classroom for Voyles’s personal or private use. To the contrary, the computer 
was placed in a classroom laboratory for work-related purposes, to allow Voyles 
to teach his students about computers. Finally, this court has found no 
authority suggesting that Voyles’s claim of privacy is consistent with 
historical notions of privacy.
        Therefore, 
after considering the totality of the circumstances surrounding the search in 
question, we hold that Voyles failed to discharge his burden to prove facts 
establishing a reasonable expectation of privacy with regard to his work 
computer and the materials stored in it. As a result, Voyles lacks standing to 
contest the admission of the evidence seized from his computer. Moreover, 
because Voyles failed to demonstrate a reasonable expectation of privacy in his 
work computer, his challenge to the reliability of the affidavit executed to 
support the search warrant authorizing the search of his school computer must 
also fail. See Villareal, 935 S.W.2d at 138. Thus, we conclude that the 
trial court did not err by denying Voyles’s motion to suppress. Accordingly, 
we overrule Voyles’s first and second points.
V. 
Conclusion
        Having 
overruled both of Voyles’s points, we affirm the trial court’s judgment.

  
                                                          SUE 
WALKER
                                                          JUSTICE

   
PANEL 
F:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
March 25, 2004
 


NOTES
1.  
On August 6, 2000, the fictitious “Amy Chang” sent an email to the Fort 
Worth Star Telegram claiming that Voyles had been propositioning her for sex 
over the Internet and requesting that Voyles be investigated for such behavior. 
However, according to the email, “Amy Chang” was not actually a 
fifteen-year-old girl. The Fort Worth Star Telegram sent the email to the Crimes 
Against Children Unit in the Tarrant County District Attorney’s Office, and 
the District Attorney’s Office then forwarded the email to Sergeant Crouch for 
investigation.
2.  
U.S. Const. amends. I, IV; Tex. Const. art. I, §§ 9,10.