BEST V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-138-CR

GARY WAYNE BEST APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Gary Wayne Best appeals his conviction for possession of a controlled substance and sentence of two years’ confinement in a state jail facility.  In seven points on appeal, he asserts that the trial court erred by overruling his motion to suppress, by admitting evidence regarding extraneous offenses, and by denying his requested jury instructions and definitions.  He also claims that the evidence is legally and factually insufficient to support the jury’s findings.  We affirm.

BACKGROUND FACTS

On June 16, 2001, motorcycle police officer Kirk Labhart clocked an Oldsmobile Cutlass, driven by appellant, traveling at 97 miles per hour on Interstate 35W within the corporate city limits of Flower Mound, where the posted speed limit was 70 miles per hour.  Officer Labhart stopped the vehicle, and appellant provided the officer with a valid driver’s license and an expired insurance card.  The officer noticed that the car had an expired inspection sticker, and the officer checked the vehicle’s registration and learned that appellant was the registered owner.  Officer Labhart wrote a citation for the three violations. 

Officer Labhart then searched the car.  Inside the car, Officer Labhart found an envelope  containing two substances that were later determined to be methamphetamine.  Officer Labhart then arrested appellant, and Officer Misty Sparby was called to the scene where she took possession of the narcotics evidence, which she booked into evidence after she took appellant to jail.  After his arrest, appellant made statements to both officers acknowledging that the drugs were his. 

MOTION TO SUPPRESS

In his first point, appellant complains that the trial court erred by overruling his motion to suppress evidence of the drugs seized during a search of his car.  Appellant argues that the search of his car was unreasonable because, contrary to the police officer’s testimony, he did not consent to the search or, alternatively, his consent was not voluntary or he was illegally detained when the officer asked for consent.  

We review the denial of a motion to suppress for abuse of discretion,  giving almost total deference to a trial court’s determination of historical facts and reviewing de novo the court’s application of the law.  
Carmouche v. State, 
10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross, 
32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Romero v. State, 
800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  Thus, the trial court may disbelieve any portion of a witness’s testimony, even if the testimony is uncontroverted.  
Ross, 
32 S.W.3d at 855.

In reviewing the trial court’s decision, an appellate court does not engage in its own factual review.  
Romero, 
800 S.W.2d at 543.  Instead, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State, 
68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Guzman v. State, 
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In the absence of explicit findings, we assume that the trial court made  whatever appropriate implicit findings the record supports.  
Ross, 
32 S.W.3d at 855-56; 
Carmouche, 
10 S.W.3d at
 
327-28.

   In determining whether a trial court’s decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State, 
917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).  However, this general rule is inapplicable where the suppression issue has been consensually relitigated by the parties during trial on the merits, and when the issue is relitigated, consideration of relevant trial testimony is also appropriate in our review.  
Id.  
In this case, the issue was raised again at trial.  
 

The Fourth Amendment guarantees people the right to be “secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.”  U.S. 
Const.
 amend. IV.  As a result, searches made without a warrant are generally per se unreasonable.  
Mendoza v. State
, 30 S.W.3d 528, 531 (Tex. App.—San Antonio 2000, no pet.).  When a search without a warrant is made, the State bears the burden to show that the search falls within one of the narrow exceptions to the warrant requirement in order for the search to be constitutionally permissible. 
 Id.
  
A warrantless search and seizure can be justified under four exceptions:  the plain view doctrine, consent, the emergency doctrine, and the automobile exception.  
U.S. v. Armendariz-Mata
, 949 F.2d 151, 153-54 (5th Cir. 1991), 
cert. denied
, 504 U.S. 945 (1992); 
Morgan v. State
, 906 S.W.2d 620, 629 (Tex. App.—Fort Worth 1995, pet. ref’d), 
cert. denied
, 519 U.S. 865 (1996).

To show that the search was made with the property owner’s consent and trigger the consent exception to the warrant requirement, the State must prove by clear and convincing evidence, based on the totality of the circumstances, that the defendant gave consent freely and voluntarily.
(footnote: 1)  
Reasor v. State
, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000);
 Meeks v. State
, 692 S.W.2d 504, 509 (Tex. Crim. App. 1985).
  

At the suppression hearing, Officer Labhart testified that after he gave appellant a traffic citation and returned his driver’s license and insurance card, he asked for permission to look inside appellant’s vehicle, and appellant consented.  The officer testified that appellant was not in handcuffs when he consented to the search, nor did the officer indicate by words or actions that appellant was required to give consent.  Indeed, the officer had been trained to return a person’s driver’s license and insurance card before requesting consent to search in order to imply that the person was free to go.  Had appellant refused consent, Officer Labhart testified he would have been free to drive away.  

When appellant first consented to the search, he said, “Sure, go ahead,” and then opened the trunk for the officer.  When asked for permission to look inside the passenger compartment, appellant consented a second time by saying, “No problem.”  The narcotics were found inside an envelope that was positioned between the driver’s seat and the console.  On cross-examination, the officer testified that he did not recall having his gun drawn as he approached appellant’s car, requesting appellant to place his hands on the steering wheel, asking whether appellant was right-handed or left-handed, or asking appellant to pull the keys out of his car and hand them to the officer.  The officer was certain he did not tell appellant he was going to search his car as he was completing the traffic citations, nor did he tell appellant he fit a certain profile. 

Appellant testified at the suppression hearing that Officer Labhart approached his vehicle with his revolver drawn.  According to appellant, Officer Labhart was angry when he ran a driver’s license check and found that appellant had lied to him about his arrest record.  Appellant testified the officer asked for consent to search before giving appellant the citations and that appellant refused consent.  According to appellant, Officer Labhart continued to “badger” him, told appellant he fit a profile for a possible drug user, and informed appellant that he was going to search appellant’s person and car.  Appellant testified that the officer never returned appellant’s driver’s license, that the officer threatened to bring out a drug-sniffing dog, and that appellant unlocked his trunk and glove compartment only after the officer ordered him to do so during the encounter.  On cross-examination, appellant admitted he lied when Officer Labhart asked him whether there were narcotics inside the car because he did not want to incriminate himself.  At the conclusion of the suppression hearing, the trial court denied appellant’s motion to suppress. 

Appellant did not testify at trial; however, he did object to the introduction of the narcotics evidence on the same grounds raised in his motion to suppress. 
 At trial, the officer’s testimony pertaining to appellant’s consent was essentially consistent with his testimony at the pretrial hearing, except that, at trial, the officer further testified that he was close enough to appellant to have heard appellant withdraw his consent had he done so.  During cross-examination at trial, the officer indicated that he first mentioned a search of appellant’s car during his initial contact with appellant.  Also during cross-examination, the officer testified he did not verbalize that appellant was free to go, but that, in fact, appellant was free to go once the officer had returned appellant’s items.  The officer testified he was wearing his uniform, had a marked vehicle, and did not obtain written consent.  When questioned about the pretrial hearing, the officer testified that he had not heard appellant say he had refused consent. 

Because Officer Labhart and appellant gave contradictory testimony on the issue of consent, resolution of the factual issues of whether appellant voluntarily consented to a search of his vehicle or was illegally detained when asked for consent turned on a determination of the credibility and demeanor of the two witnesses.  
See Guzman
, 955 S.W.2d at 89.  Deferring, as we must, to the trial court’s credibility determinations and to the historical facts impliedly found by the trial court when it denied appellant’s motion to suppress, we hold that the trial court did not abuse its discretion by concluding that appellant voluntarily consented to a search of his car and that the officer’s request for permission to search was not unreasonable.  We overrule point one.

EXTRANEOUS OFFENSES

In his second point, appellant complains that the trial court erred by denying his motion in limine regarding the extraneous offenses of speeding, having an expired inspection sticker, and having an expired insurance card, and by allowing testimony regarding the offenses over his objection.  He claims that this evidence was irrelevant and unduly prejudicial.  

It is axiomatic that motions in limine do not preserve error.  
Webb v. State, 
760 S.W.2d 263, 275 (Tex. Crim. App. 1988), 
cert. denied
, 491 U.S. 910 (1989).  This is true whether the motion is granted or denied.  
Willis v. State, 
785 S.W.2d 378, 384 (Tex. Crim. App. 1989), 
cert. denied
, 498 U.S. 908 (1990).  A trial court’s ruling concerning the admission of evidence is reviewed under the abuse-of-discretion standard.  
Weatherred v. State, 
15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

Extraneous offenses are admissible as same-transaction contextual evidence when they are so intertwined with the charged offense that testimony cannot be given regarding the charged crime without showing the extraneous offense as well or when the charged offense would make little or no sense without also bringing in the same-transaction evidence.  
Wyatt v. State, 
23 S.W.3d 18, 25 (Tex. Crim. App. 2000); 
Rogers v. State, 
853 S.W.2d 29, 33 (Tex. Crim. App. 1993)
.  In this case, evidence of speeding was same-transaction contextual evidence necessary to explain why Officer Labhart stopped appellant.  Furthermore, the probative value of the speeding evidence was not substantially outweighed by a danger of unfair prejudice.  
See 
Tex. R. Evid.
 403.  Speeding is a common traffic violation, and it is unlikely the jury would have convicted appellant on the possession of  narcotics offense merely on evidence that appellant was driving faster than the posted speed limit.  

Admission of the evidence concerning having an expired insurance card and expired inspection sticker is a closer call because the relevance of that evidence is questionable.  However, we conclude that this evidence was likewise same-transaction contextual evidence because when an officer stops a driver for speeding, he routinely checks the driver’s insurance card and inspection sticker.  Thus, the expired insurance card and expired inspection sticker offenses were intertwined with the speeding offense as part of the officer’s investigation of the speeding offense, and the speeding offense was necessary to explain the possession-of-a-controlled substance charge. 

Moreover, even if the trial court erred by admitting evidence concerning the expired insurance card and expired inspection sticker, we conclude that appellant was not harmed.  The erroneous admission of an extraneous offense does not constitute constitutional error.  
Avila v. State, 
18 S.W.3d 736, 741-42 (Tex. App.—San Antonio 2000, no pet.).  
Therefore, we are to disregard the error unless it affected appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b).  A substantial right is affected when the error had a substantial and injurious effect or influence on the jury’s verdict. 
 King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall v. State,
 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref’d).  In making this determination, we review the record as a whole. 
 Kotteakos,
 328 U.S. at 764-65, 66 S. Ct. at 1248.

The State did not emphasize the expired insurance card or expired inspection sticker during the case, and the trial court instructed the jury that it could only consider the complained-of evidence in determining the context of appellant’s arrest.  Aside from the substantial evidence of appellant’s guilt, we conclude that the nature of the offenses 
was not such that the complained-of evidence would have been unduly prejudicial or had a substantial and injurious effect or influence on the jury’s verdict in a narcotics case.  
See Motilla v. State, 
78 S.W.3d 352, 359 (Tex. Crim. App. 2002).
  We overrule point two.

INSTRUCTION TO DISREGARD WITNESS TESTIMONY

At trial, Officer Labhart testified that during the pretrial hearing, appellant admitted that the narcotics were his.  The officer clarified that he did not personally hear appellant’s pretrial testimony, but he had read the reporter’s record from that hearing. 
 In his third point, appellant claims the trial court erred by denying his request to instruct the jury to disregard Officer Labhart’s testimony.  On appeal, appellant contends that  because the officer was not present when appellant testified, the officer did not have personal knowledge of appellant’s pretrial testimony and thus could not testify to it.  At trial, however, appellant did not object on the basis of lack of personal knowledge.  Indeed, appellant made no objection whatsoever to this line of questioning, but instead requested an instruction to disregard at the conclusion of the testimony without offering the basis for his requested instruction.  Therefore, because appellant did not raise his lack-of-personal-knowledge objection at trial, he has waived the right to assert it on appeal.  
See
 
Tex. R. App. P.
 33.1(a)(1)(A).

Appellant also complains that the trial court’s failure to instruct the jury to disregard was erroneous because appellant’s testimony at the pretrial hearing could not be used against him at trial.  When a defendant testifies in support of a motion to suppress evidence, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.  
Riojas v. State, 
530 S.W.2d 298, 302 n.1 (Tex. Crim. App. 1975) (quoting 
Simmons v. United States, 
390 U.S. 377, 394, 88 S. Ct. 967, 976 (1968)).  Again, appellant did not object to the complained-of testimony at trial and has waived his complaint on appeal.  
See
 
Tex. R. App. P.
 33.1(a)(1)(A).
  We overrule point three.

JURY CHARGE

Reasonable Doubt Definition

In point four, appellant claims that the trial court erred by denying his request to delete all references to the definition of “beyond a reasonable doubt” from the jury charge.  Appellant objected to the following language: “It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution’s proof excludes all reasonable doubt concerning the defendant’s guilt.”  In 
Vosberg v. State, 
the trial court submitted a jury charge containing this same language.  80 S.W.3d 320, 323 (Tex. App.—Fort Worth 2002, pet. ref’d).  We concluded that
 
merely giving a reasonable doubt definition in a jury charge does not constitute reversible error, and the trial court did not err by submitting a jury charge distinguishing reasonable doubt from possible doubt.  
Id. 
at 823-24 .  We likewise hold the same here and overrule point four. 
 

Exclusionary Rule Instruction

In his fifth point, appellant claims the trial court erred by denying his requested instruction regarding the exclusionary rule in the court’s charge.   Article 38.23 of the code of criminal procedure provides:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.  

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann.
 art. 38.23(a) (Vernon Supp. 2003).  

The terms of article 38.23 are clearly mandatory, the only issue being whether under the facts of a particular case an issue concerning the validity of the search is raised by the evidence.  
Id.; Brooks v. State, 
642 S.W.2d 791, 799 (Tex. Crim. App. 1982); 
Jordan v. State, 
562 S.W.2d 472, 472 (Tex. Crim. App. 1978).   Where no such issue is raised by the evidence, the trial court acts properly in refusing such a request.  
Brooks, 
642 S.W.2d at 799; 
Jordan, 
 562 S.W.2d at 472. 

In his brief, appellant contends that the instruction was necessary because there was evidence that appellant’s consent to the search, if any, was not made freely and voluntarily, and, in the alternative, if there was voluntary consent, the officer’s search exceeded the scope of the consent.  Appellant did not request a jury instruction based on his claim that the search exceeded the scope of appellant’s consent; therefore, he has waived that issue on appeal.  
See 
Tex. R. App. P.
 33.1(a).

As discussed above in connection with the motion-to-suppress issue, there was no evidence 
at trial
 that appellant refused to consent or that his consent was not made freely and voluntarily.  Therefore, there was no fact question concerning the validity of the search, and the trial court did not err by denying the requested exclusionary-rule instruction.  We overrule point five.   
 Parole Law Instruction

During the punishment jury charge conference, appellant requested an instruction regarding the inability to earn good conduct time and the absence of parole laws for inmates sentenced to a term of imprisonment in a state jail facility.  In his sixth point, appellant asserts that the trial court erred by denying this requested jury instruction. 

It is true that a person convicted of a state jail felony is not entitled to parole or good conduct time.  
See 
Tex. Gov’t Code Ann. 
§ 508.141(a) (Vernon 1998);
 Tex. Code Crim. Proc. Ann.
 art. 42.12, § 15(h)(1) (Vernon Supp. 2003); 
Torres v. State, 
No. 06-98-00313-CR, 1999 WL 387503, at *1(Texarkana June 4, 1999, no pet.) (not designated for publication)
.  The code of criminal procedure contains jury charge instructions concerning the possibility of parole and good time credits for persons convicted of first, second, or third-degree felonies who are subject to imprisonment in the Institutional Division of the Texas Department of Corrections. 
 Tex. Code Crim. Proc. Ann.
 art. 37.07 (Vernon Supp. 2003).  It is silent, however, concerning the unavailability of parole and good time credits for persons convicted of state jail felonies.  Because the legislature has not specified that juries be informed that parole or good-conduct time does not apply to state jail felonies, we conclude that such an instruction is not required, appellant was not entitled to such an instruction, and the trial court did not err in refusing to so instruct the jury.  We overrule point six.  

SUFFICIENCY OF THE EVIDENCE

In his seventh point, appellant asserts that the evidence is legally and factually insufficient to support the verdict.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Appellant’s sole argument under this point is that the evidence is legally and factually insufficient to show that the narcotics testified about and admitted at trial are the same as the narcotics Officer Labhart claimed to have found in appellant’s car.  Officer Labhart testified that inside an envelope located between the driver’s seat and the console he discovered a small syringe, a small baggie with a brown powdered substance, and a white, rock-type substance wrapped inside the foil of a gum wrapper.  Officer Labhart testified that the substances admitted as State’s Exhibits 3 and 4 were the same ones he located in the envelope in appellant’s car.  Both Officers Labhart and Sparby testified to the chain of custody, and a criminalist from the Texas Department of Public Safety testified that the substances in Exhibits 3 and 4 were methamphetamine.  None of this testimony was disputed.  During closing argument, however, appellant’s attorney argued that the exhibits, which he described as two brown, rock-like substances, did not match the officer’s description of the narcotics found in the car.  The exhibits were available for the jury to examine during deliberations. 

Viewing the evidence under the appropriate standards of review, we hold that the evidence is both legally and factually sufficient to support the jury’s findings.  Accordingly, we overrule point seven.

CONCLUSION

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: DAY, LIVINGSTON, AND GARDNER, JJ.

PUBLISH

DELIVERED:  September 25, 2003

FOOTNOTES
1:
Although the United States Constitution only requires the State to prove the voluntariness of consent by a preponderance of the evidence, the Texas Constitution requires the State to show by clear and convincing evidence that the consent was freely given.  
Carmouche
, 10 S.W.3d at 331 (citing 
State v. Ibarra
, 953 S.W.2d 242, 245 (Tex. Crim. App. 1997)).