COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-391-CR
NO. 2-03-392-CR
 
  
WILMER FITZGERALD HAWKINS                                             APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 211TH 
DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Wilmer 
Fitzgerald Hawkins appeals his convictions for possession of a controlled 
substance with intent to deliver and unlawful possession of a firearm by a 
felon. In one issue, appellant contends that the trial court erred in denying 
his motion to suppress. We will affirm.
        In 
the fall of 2002, Detective Jeff Davis received information from a confidential 
informant that appellant was involved in dealing crack cocaine. The informant 
identified appellant by the nickname “Black” and provided his residential 
address, where the drugs were sold. Detective Davis and Narcotics Officer David 
Scott set up surveillance of the residence and engaged the informant in a 
controlled buy from “Black.” Based on the information gathered during the 
surveillance, a combination search and arrest warrant was issued authorizing the 
search of the apartment identified by the informant and the arrest of the 
individual in control of the premises identified by the nickname “Black.”
        Before 
executing the warrant, the detectives set up surveillance outside appellant’s 
apartment. They saw him exit the apartment and leave in his wife’s car. 
Detective Scott followed appellant and requested that a marked police unit 
perform a traffic stop based on the arrest warrant. When appellant exited his 
vehicle, Detective Davis drove the informant by the site and the informant 
positively identified appellant as “Black.”
        When 
he arrived at the scene, Detective Davis told appellant about the warrant, 
explained that he was under arrest, and advised him of his Miranda 
rights. They discussed the option of appellant’s cooperating with the police 
by providing information about appellant’s cocaine suppliers and by 
facilitating the search of his apartment. Appellant indicated that he was 
interested in helping the police by becoming an informant. Appellant accompanied 
the detectives to his apartment, where he directed them to some cocaine and a 
firearm. Appellant then received a call from one of his suppliers. After 
notifying the detectives who the caller was, appellant told the supplier to come 
and pick up $500 that appellant owed him. When the supplier arrived, he was 
taken into custody by the police.
        Detective 
Davis told appellant that they would not arrest him if he helped the police 
during the next thirty days. Appellant then voluntarily accompanied the 
detectives to the police station to give a written statement about his cocaine 
dealing, his supply sources, and the events that had occurred that day. 
Detective Davis testified that appellant was given his Miranda warnings 
again before he gave the statement. Appellant called Detective Davis on several 
occasions during the thirty-day period but never followed through with Davis’s 
instructions and eventually stopped calling the detective. As a result of his 
failure to follow through on the deal, appellant was arrested after the thirty 
days expired and charged with possession of a controlled substance with intent 
to deliver and possession of a firearm by a felon.
        Before 
trial, appellant filed a motion to suppress the firearm and cocaine found at his 
apartment and to suppress the statements he made while in custody. He based this 
motion, and his objections to the admission of this evidence at trial, on the 
grounds that the affidavit for the search and arrest warrant did not adequately 
describe the location or appellant and that appellant was not given the proper Miranda 
warnings, among other complaints. The trial court denied the motion to suppress, 
and appellant was convicted on both charges.
        We 
review a trial court’s ruling on a motion to suppress evidence under a 
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. 
App. 1997). At a suppression hearing, the trial judge is the sole trier of fact 
and judge of the credibility of witnesses and the weight to be given their 
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
Thus, we give almost total deference to the trial court’s rulings on (1) 
questions of historical fact and (2) application-of-law-to-fact questions that 
turn on an evaluation of credibility and demeanor. Johnson v. State, 68 
S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Best v. State, 118 S.W.3d 857, 
861-62 (Tex. App.—Fort Worth 2003, no pet.). However, we review a trial 
court’s rulings on mixed questions of law and fact de novo if they do not turn 
on the credibility and demeanor of witnesses. Johnson, 68 S.W.3d at 
652-53.
        Appellant 
first contends that his motion to suppress the firearm and crack cocaine found 
in his apartment should have been granted because the combination arrest and 
search warrant, which referred to him by the nickname “Black,” did not 
adequately identify him as the person to be arrested.[2]
        Under 
the code of criminal procedure, a search warrant “must specify the name of the 
person whose arrest is ordered, if it be known, if unknown, then some reasonably 
definite description must be given of him.” Tex. Code Crim. Proc. Ann. art. 15.02 
(Vernon 1977). Courts have upheld search and arrest warrants identifying a 
person by an incomplete name or a nickname. See Ybarra v. Illinois, 444 
U.S. 85, 88, 100 S. Ct. 338, 340-41 (1979) (search warrant identifying 
individual only as “Greg” authorized search of “Greg” on tavern 
premises); Garland v. State, No. 01-94-00490-CR, 1995 WL 51070, at *2 
(Tex. App.—Houston [1st Dist.] 1995, no pet.) (not designated for publication) 
(search warrant upheld in which informant gave description of suspected cocaine 
dealer and nickname “Big Mo” or “Big Mo Garland”). Search and arrest 
warrants authorizing the arrest of generally described persons at a target 
residence have also been upheld by the courts. See Gonzales v. State, 761 
S.W.2d 809, 812 (Tex. App.—Austin 1988, pet. ref’d).
        In 
this case, the use of the term “Black” in the warrant gave a reasonably 
definite description of appellant. The informant who led the police to appellant 
identified him by the nickname “Black,” which was also used in the search 
and arrest warrant. Although the detective who completed the affidavit for the 
warrant did not know “Black” personally, he had conducted “multiple 
hours” of surveillance of his residence, including a controlled buy with the 
confidential informant. The nickname “Black” referred to a definite person 
who could be identified by the informant and who lived at the street address and 
apartment number included in the affidavit. In executing the warrant, police 
followed appellant from the apartment identified in the warrant to the place 
where he was stopped. Detective Davis drove the informant by the site, and the 
informant positively identified appellant as “Black,” the individual whom he 
alleged to be engaged in the sale of crack cocaine.
        Appellant 
relies on Visor v. State, which held an arrest under a combination search 
and arrest warrant invalid because the warrant described only an “unknown 
black female.” 660 S.W.2d 816, 818-20 (Tex. Crim. App. 1983). The Visor 
court reasoned that to authorize the arrest of an “unknown black female” 
without further description or restriction as to location would be to approve a 
general warrant, which is prohibited by the federal constitution. Id. at 
818.
        The 
circumstances here are very different from those in Visor. Unlike the 
generic gender and race description given in Visor, use of the nickname 
“Black” combined with other information in the warrant restricted the 
warrant in this case to a single, identifiable individual. In addition, unlike 
the appellant in Visor, “Black” was found on the specific premises 
identified in the warrant.
        In 
addition, appellant contends that the inculpatory statements he made while in 
custody should have been suppressed because he was not given the required 
Miranda warnings. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 
(1966). Detective Davis testified that appellant was given the Miranda 
warnings twice—before the combination search and arrest warrant was executed 
and again before he gave his written statement at the police station. The Miranda 
warnings were also printed on the form labeled “Denton Police Department 
Statement” containing appellant’s written statement, and this document shows 
that appellant initialed each of the Miranda warnings indicating that he 
read and understood them. Based on this evidence, we cannot say that the trial 
court abused its discretion in finding that appellant was given the Miranda 
warnings prior to making the inculpatory statements. We overrule appellant’s 
sole issue.
        The 
trial court’s judgments are affirmed.
   
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
  
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 12, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant also complains that the officers who arrested him did not inform him 
of the offense charged and did not take him before a magistrate. Appellant, 
however, provides no argument or relevant authority supporting these 
contentions, nor does he point us to any relevant record references. These 
contentions are, therefore, waived as inadequately briefed. Tex. R. App. P. 38.1(h); Tong v. 
State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532 
U.S. 1053 (2001); Lawton v. State, 913 S.W.2d 542, 554 (Tex. Crim. App. 
1995), cert. denied, 519 U.S. 826 (1996).