Hawkins v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-391-CR

NO. 2-03-392-CR

WILMER FITZGERALD HAWKINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Wilmer Fitzgerald Hawkins appeals his convictions for possession of a controlled substance with intent to deliver and unlawful possession of a firearm by a felon.  In one issue, appellant contends that the trial court erred in denying his motion to suppress. We will affirm.

In the fall of 2002, Detective Jeff Davis received information from a confidential informant that appellant was involved in dealing crack cocaine.  The informant identified appellant by the nickname “Black” and provided his residential address, where the drugs were sold.  Detective Davis and Narcotics Officer David Scott set up surveillance of the residence and engaged the informant in a controlled buy from “Black.”  Based on the information gathered during the surveillance, a combination search and arrest warrant was issued authorizing the search of the apartment identified by the informant and the arrest of the individual in control of the premises identified by the nickname “Black.”  

Before executing the warrant, the detectives set up surveillance outside appellant’s apartment.  They saw him exit the apartment and leave in his wife’s car.  Detective Scott followed appellant and requested that a marked police unit perform a traffic stop based on the arrest warrant.  When appellant exited his vehicle, Detective Davis drove the informant by the site and the informant positively identified appellant as “Black.”  

When he arrived at the scene, Detective Davis told appellant about the warrant, explained that he was under arrest, and advised him of his 
Miranda
 rights.  They discussed the option of appellant’s cooperating with the police by providing information about appellant’s cocaine suppliers and by facilitating the search of his apartment.  Appellant indicated that he was interested in helping the police by becoming an informant.  Appellant accompanied the detectives to his apartment, where he directed them to some cocaine and a firearm.  Appellant then received a call from one of his suppliers.  After notifying the detectives who the caller was, appellant told the supplier to come and pick up $500 that appellant owed him.  When the supplier arrived, he was taken into custody by the police.  

Detective Davis told appellant that they would not arrest him if he helped the police during the next thirty days.  Appellant then voluntarily accompanied the detectives to the police station to give a written statement about his cocaine dealing, his supply sources, and the events that had occurred that day.  Detective Davis testified that appellant was given his 
Miranda
 warnings again before he gave the statement.  Appellant called Detective Davis on several occasions during the thirty-day period but never followed through with Davis’s instructions and eventually stopped calling the detective.  As a result of his failure to follow through on the deal, appellant was arrested after the thirty days expired and charged with possession of a controlled substance with intent to deliver and possession of a firearm by a felon.  

Before trial, appellant filed a motion to suppress the firearm and cocaine found at his apartment and to suppress the statements he made while in custody.  He based this motion, and his objections to the admission of this evidence at trial, on the grounds that the affidavit for the search and arrest warrant did not adequately describe the location or appellant and that appellant was not given the proper 
Miranda
 warnings, among other complaints.  The trial court denied the motion to suppress, and appellant was convicted on both charges.  

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Thus, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best v. State
, 118 S.W.3d 857, 861-62 (Tex. App.—Fort Worth 2003, no pet.).  However, we review a trial court’s rulings on mixed questions of law and fact de novo if they do not turn on the credibility and demeanor of witnesses.  
Johnson
, 68 S.W.3d at 652-53.

Appellant first contends that his motion to suppress the firearm and crack cocaine found in his apartment should have been granted because the combination arrest and search warrant, which referred to him by the nickname “Black,” did not adequately identify him as the person to be arrested.
(footnote: 2) Under the code of criminal procedure, a search warrant “must specify the name of the person whose arrest is ordered, if it be known, if unknown, then some reasonably definite description must be given of him.”  
Tex. Code Crim. Proc. Ann.
 art. 15.02 (Vernon 1977).  Courts have upheld search and arrest warrants identifying a person by an incomplete name or a nickname.  
See Ybarra v. Illinois
, 444 U.S. 85, 88, 100 S. Ct. 338, 340-41 (1979) (search warrant identifying individual only as “Greg” authorized search of “Greg” on tavern premises);
 
Garland v. State
, No. 01-94-00490-CR, 1995 WL 51070, at *2 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (not designated for publication) (search warrant upheld in which informant gave description of suspected cocaine dealer and nickname “Big Mo” or “Big Mo Garland”)
.  Search and arrest warrants authorizing the arrest of generally described persons at a target residence have also been upheld by the courts.  
See Gonzales v. State
, 761 S.W.2d 809, 812 (Tex. App.—Austin 1988, pet. ref’d).  

In this case, the use of the term “Black” in the warrant gave a reasonably definite description of appellant.  The informant who led the police to appellant identified him by the nickname “Black,” which was also used in the search and arrest warrant.  Although the detective who completed the affidavit for the warrant did not know “Black” personally, he had conducted “multiple hours” of surveillance of his residence, including a controlled buy with the confidential informant.  The nickname “Black” referred to a definite person who could be identified by the informant and who lived at the street address and apartment number included in the affidavit.  In executing the warrant, police followed appellant from the apartment identified in the warrant to the place where he was stopped.  Detective Davis drove the informant by the site, and the informant positively identified appellant as “Black,” the individual whom he alleged to be engaged in the sale of crack cocaine.  

Appellant relies on 
Visor v. State
, which held an arrest under a combination search and arrest warrant invalid because the warrant described only an “unknown black female.”  660 S.W.2d 816, 818-20 (Tex. Crim. App. 1983).  The 
Visor
 court reasoned that to authorize the arrest of an “unknown black female” without further description or restriction as to location would be to approve a general warrant, which is prohibited by the federal constitution.  
Id
. at 818.

The circumstances here are very different from those in 
Visor.  
Unlike the generic gender and race description given in 
Visor
, use of the nickname “Black” combined with other information in the warrant restricted the warrant in this case to a single, identifiable individual.  In addition, unlike the appellant in 
Visor
, “Black” was found on the specific premises identified in the warrant.

In addition, appellant contends that the inculpatory statements he made while in custody should have been suppressed because he was not given the required
 Miranda
 warnings.  
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966).  Detective Davis testified that appellant was given the 
Miranda
 warnings twice—before the combination search and arrest warrant was executed and again before he gave his written statement at the police station.  The 
Miranda
 warnings were also printed on the form labeled “Denton Police Department Statement” containing appellant’s written statement, and this document shows that appellant initialed each of the 
Miranda
 warnings indicating that he read and understood them.  Based on this evidence, we cannot say that the trial court abused its discretion in finding that appellant was given the 
Miranda
 warnings prior to making the inculpatory statements.  We overrule appellant’s sole issue.

The trial court’s judgments are affirmed.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant also complains that the officers who arrested him did not inform him of the offense charged and did not take him before a magistrate.  Appellant, however, provides no argument or relevant authority supporting these contentions, nor does he point us to any relevant record references.  These contentions are, therefore, waived as inadequately briefed.  
Tex. R. App. P.
 38.1(h); 
Tong v. State,
 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 1053 (2001); 
Lawton v. State
, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), 
cert. denied
, 519 U.S. 826 (1996).