# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00036-CR

**Douglas Gratten, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-05-203401, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

At a jury trial, appellant Douglas Gratten pleaded guilty to third-offense felony theft. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2006). The jury returned an instructed verdict of guilty and assessed punishment at seventeen months in state jail. Appellant's only point of error is that the trial court erred by refusing to instruct the jury that a person convicted of a state jail felony is not eligible for parole, good time, or early release. We find no error and affirm the conviction.

The requested instruction read: "You are further instructed that there is no parole; time off for good behavior or early release on a state jail sentence. A person sentenced to the state jail will serve each day of his sentence in the state jail." This requested instruction was only partially correct. A person convicted of a state jail felony is not eligible for parole and does not earn good time credit while in state jail. *See* Tex. Gov't Code Ann. § 508.141(a) (West 2004);

Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(1) (West 2006); *Best v. State*, 118 S.W.3d 857, 866 (Tex. App.—Fort Worth 2003, no pet.). But the trial court retains jurisdiction over the defendant while he is confined in state jail and may, at any time after the defendant has served seventy-five days, suspend further execution of the sentence and place him on community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 15(f)(2). There was no error in the trial court's refusal to instruct the jury that a person sentenced to state jail "will serve each day of his sentence in the state jail" without the possibility of early release.

Historically, Texas courts held that it violated the constitutional separation of powers for a jury to consider the possibility that a defendant sentenced to prison might be released on parole. *See Luquis v. State*, 72 S.W.3d 355, 360 (Tex. Crim. App. 2002). It was only after the passage of a constitutional amendment that the legislature was authorized to enact laws requiring or permitting trial courts to inform juries about parole, good conduct time, and mandatory supervision. *See id*. at 361; Tex. Const. art. IV, § 11(a). The legislature responded by enacting code of criminal procedure article 37.07, section 4, which mandates a jury instruction on those subjects as they apply to persons convicted of first, second, and third degree felonies. Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (West 2006). The legislature has not, however, mandated that juries be informed that persons sentenced to state jail do not earn good conduct time and are not eligible for parole. Under the circumstances, we also find no error in the trial court's refusal to instruct the jury regarding the absence of parole and good conduct time in state jail cases. *Best*, 118 S.W.3d at 866.

Appellant argues that even in the absence of a statute mandating such an instruction, a state jail felon's ineligibility for parole or good conduct time is "law applicable to the case" within

2

the meaning of article 36.14. Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 2006) (requiring trial judge to deliver written charge setting forth law applicable to case). He relies on the holding in *Huizar v. State*, 12 S.W.3d 479, 483 (Tex. Crim. App. 2000). In *Huizar*, the court of criminal appeals held that a jury must be instructed at the punishment stage not to consider any extraneous misconduct evidence unless convinced beyond a reasonable doubt that the misconduct was attributable to the defendant. *Id*. at 484. Although no statute mandates such an instruction, the court found that it was logically required in order to give effect to the statutory requirement that extraneous misconduct evidence not be considered in assessing punishment unless proved beyond a reasonable doubt. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West 2006).

*Huizar* is distinguishable from the cause before us. In that case, the jury had heard evidence of extraneous acts of misconduct by the defendant, and the jury instruction was needed to avoid the risk that the jury might apply a standard of proof less than that required by statute. *Huizar*, 12 S.W.3d at 484. If no extraneous misconduct evidence had been introduced, the instruction would not have been needed. *Id*. The jury below heard no evidence regarding parole or good conduct time, and there was no risk that it might misunderstand or misapply such evidence unless instructed not to consider it.

Finally, we are satisfied that any error in refusing to instruct the jury regarding the inapplicability of parole and good conduct time was not calculated to injure appellant's rights and was harmless. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). During his closing argument, defense counsel told the jury, "And the way the state jail time system works is different from the prison system. It's even different from our county jails. The way it

3

works is six months means six months.  In other words, there's no parole in the state jail system."  The State's objection to this argument was overruled, and counsel continued, "There's no early release.  There's no time off from good behavior. . . . So whatever number you say, is a real number.  It's a hard number.  Those are the number of days that Mr. Gratten will be locked up in the state jail."  The prosecutor later confirmed defense counsel's argument:  "And about day for day.  Yes, day for day.  State jail, day for day.  Two years.  24 months.  Day for day.  That's the only way we know that man is not out there stealing more from our members of our community."

The jury did not follow the prosecutor's recommendation of a two-year state jail sentence, assessing a term of seventeen months.  In light of the arguments of counsel, there is no reasonable possibility that the jury assessed punishment in the mistaken belief that appellant might or would be released on parole before the sentence was fully served.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   March 20, 2007

Do Not Publish

4