TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00036-CR







Douglas Gratten, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. D-1-DC-05-203401, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



At a jury trial, appellant Douglas Gratten pleaded guilty to third-offense felony theft. 
See Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2006). The jury returned an instructed
verdict of guilty and assessed punishment at seventeen months in state jail. Appellant's only point
of error is that the trial court erred by refusing to instruct the jury that a person convicted of a state
jail felony is not eligible for parole, good time, or early release. We find no error and affirm
the conviction.

The requested instruction read: "You are further instructed that there is no parole;
time off for good behavior or early release on a state jail sentence. A person sentenced to the
state jail will serve each day of his sentence in the state jail." This requested instruction was
only partially correct. A person convicted of a state jail felony is not eligible for parole and does not
earn good time credit while in state jail. See Tex. Gov't Code Ann. § 508.141(a) (West 2004);
Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(1) (West 2006); Best v. State, 118 S.W.3d 857,
866 (Tex. App.--Fort Worth 2003, no pet.). But the trial court retains jurisdiction over the
defendant while he is confined in state jail and may, at any time after the defendant has served
seventy-five days, suspend further execution of the sentence and place him on community
supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 15(f)(2). There was no error in the trial
court's refusal to instruct the jury that a person sentenced to state jail "will serve each day of his
sentence in the state jail" without the possibility of early release.

Historically, Texas courts held that it violated the constitutional separation of powers
for a jury to consider the possibility that a defendant sentenced to prison might be released on parole. 
See Luquis v. State, 72 S.W.3d 355, 360 (Tex. Crim. App. 2002). It was only after the passage of
a constitutional amendment that the legislature was authorized to enact laws requiring or permitting
trial courts to inform juries about parole, good conduct time, and mandatory supervision. See id.
at 361; Tex. Const. art. IV, § 11(a). The legislature responded by enacting code of criminal
procedure article 37.07, section 4, which mandates a jury instruction on those subjects as they apply
to persons convicted of first, second, and third degree felonies. Tex. Code Crim. Proc. Ann. art.
37.07, § 4 (West 2006). The legislature has not, however, mandated that juries be informed that
persons sentenced to state jail do not earn good conduct time and are not eligible for parole. Under
the circumstances, we also find no error in the trial court's refusal to instruct the jury regarding the
absence of parole and good conduct time in state jail cases. Best, 118 S.W.3d at 866.

Appellant argues that even in the absence of a statute mandating such an instruction,
a state jail felon's ineligibility for parole or good conduct time is "law applicable to the case" within
the meaning of article 36.14. Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 2006) (requiring
trial judge to deliver written charge setting forth law applicable to case). He relies on the holding
in Huizar v. State, 12 S.W.3d 479, 483 (Tex. Crim. App. 2000). In Huizar, the court of criminal
appeals held that a jury must be instructed at the punishment stage not to consider any extraneous
misconduct evidence unless convinced beyond a reasonable doubt that the misconduct was
attributable to the defendant. Id. at 484. Although no statute mandates such an instruction, the court
found that it was logically required in order to give effect to the statutory requirement that extraneous
misconduct evidence not be considered in assessing punishment unless proved beyond a reasonable
doubt. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West 2006).

Huizar is distinguishable from the cause before us. In that case, the jury had heard
evidence of extraneous acts of misconduct by the defendant, and the jury instruction was needed to
avoid the risk that the jury might apply a standard of proof less than that required by statute. Huizar,
12 S.W.3d at 484. If no extraneous misconduct evidence had been introduced, the instruction would
not have been needed. Id. The jury below heard no evidence regarding parole or good conduct
time, and there was no risk that it might misunderstand or misapply such evidence unless instructed
not to consider it.

Finally, we are satisfied that any error in refusing to instruct the jury regarding the
inapplicability of parole and good conduct time was not calculated to injure appellant's rights and
was harmless. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). 
During his closing argument, defense counsel told the jury, "And the way the state jail time system
works is different from the prison system. It's even different from our county jails. The way it
works is six months means six months. In other words, there's no parole in the state jail system." 
The State's objection to this argument was overruled, and counsel continued, "There's no early
release. There's no time off from good behavior. . . . So whatever number you say, is a real number. 
It's a hard number. Those are the number of days that Mr. Gratten will be locked up in the state
jail." The prosecutor later confirmed defense counsel's argument: "And about day for day. Yes,
day for day. State jail, day for day. Two years. 24 months. Day for day. That's the only way we
know that man is not out there stealing more from our members of our community."

The jury did not follow the prosecutor's recommendation of a two-year state jail
sentence, assessing a term of seventeen months. In light of the arguments of counsel, there is no
reasonable possibility that the jury assessed punishment in the mistaken belief that appellant might
or would be released on parole before the sentence was fully served.

The point of error is overruled and the judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: March 20, 2007

Do Not Publish