COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-312-CR


GREGORY WHITE                                                                  APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant Gregory White appeals his convictions for aggravated sexual
assault and indecency with a child. In two points, appellant challenges the legal
sufficiency of the evidence and contends that the trial court erred in admitting
his written confession. We affirm.
        When C.H. was in middle school, she told a friend that her stepfather,
appellant, had sexually abused her when she was in elementary school. The
friend persuaded C.H. to report the abuse to their school guidance counselor,
Marilyn McDonald. C.H. told McDonald that appellant had touched her several
times in his car, but denied that the touching involved penetration. 
        Following her outcry, C.H. was examined by sexual assault nurse
examiner Donna Wright. She told Wright that appellant put his finger in her
vagina once after telling her that he was going to help her with her hygiene.         C.H. was also interviewed by Detective Leddy Fowler. During the
interview, C.H. described two incidents of abuse in detail, and Fowler typed her
oral statement. C.H. described the first incident as follows:
        One morning, near the end of her third grade year, C.H. was doing
laundry when appellant asked her to come into his bedroom. After she entered
the room, appellant walked her into the master bathroom and asked her to pull
down her pants. When C.H. complied, appellant inserted his finger into her
vagina and moved it in and out. He then smelled his finger and told C.H. to
take a bath and to return to his room when she was finished. C.H. took a bath
in a different bathroom and then returned to appellant’s room, where appellant
again inserted his finger into her vagina and moved it in and out. 
        C.H. recalled that the second incident occurred when she was riding in
appellant’s car with him. On that occasion, appellant asked C.H. to show him
her vagina, and C.H. complied. Appellant looked at her, without touching, until
a ball rolled in front of the car and C.H. pulled up her pants. 
        Appellant met with Fowler and Bobby Jones, a polygraph examiner, to
discuss C.H.’s outcry. During the meeting, appellant confessed orally to Jones
and made a written confession in Fowler’s presence.
        The State charged appellant by indictment with aggravated sexual assault
and indecency with a child. A jury found him guilty of both offenses, and the
trial court sentenced him to six years’ incarceration for aggravated sexual
assault and three years’ incarceration for indecency with a child. [2]
        In his first point, appellant contends that the evidence was legally
insufficient to support his convictions.
        In reviewing the legal sufficiency of the evidence to support a conviction,
we view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618,
620 (Tex. Crim. App. 2004).
        To convict appellant for aggravated sexual assault under the indictment,
the State had to prove that appellant “intentionally or knowingly cause[d] the
penetration of the female sexual organ of [C.H.], a child younger than 14 years
of age who was not the spouse of [appellant] by inserting his finger into her
female sexual organ.” See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (Vernon
Supp. 2004-05). Appellant’s conviction for aggravated sexual assault was
supported by C.H.’s testimony, her statement to Fowler, and Wright’s
testimony. 
        C.H. testified as follows:
Q. Once you pulled your pants down, what happened next?
 
A. Then–then–then–he put his finger in me.
 
        Q. Okay. You said you–he put his finger in you, what part of your
body was he touching?
 
A. My vagina.
 
Q. Your vagina?
 
A. Yes.
 
Q. Whenever he put his finger inside, did he just stick it in or was
it still–or did–what happened?
 
A. Just stick it in.
 
. . . 
 
Q. Once you got back in the bathroom for the second time, what
happened there?
 
A. Did the same thing, to see if I smelt any better. 
 
Q. Whenever it happened in the bathroom, did his finger go inside
you?
 
A. Yes. 

        In her statement to Fowler, C.H. said, “He bent over and put his index
finger in my vagina. He moved it in and out for two or three seconds and then
pulled it out. . . . He put his finger in my vagina again and moved it in and out.”
Moreover, Wright testified that C.H. told her that appellant “stuck his finger up
me.” 
        Viewing all the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have found the essential elements of
aggravated sexual assault beyond a reasonable doubt.
        Next, we address the sufficiency of the evidence to support appellant’s
conviction for indecency with a child. To convict appellant for indecency with
a child under the indictment, the State had to prove that appellant
“intentionally, with the intent to arouse or gratify the sexual desire of
[appellant], engage[d] in sexual contact by touching any part of the genitals of
[C.H.], a child younger than 17 years and not the spouse of [appellant]. See 
Id. § 21.11(a)(1) (Vernon 2003). Appellant’s indecency with a child conviction
was supported by appellant’s oral and written confessions and McDonald’s
testimony and written statement. 
        Jones testified that appellant told him that “there was one occasion when
[C.H.] was nine years of age and they were riding in the car together, and he
asked [C.H.] if she had hair on her vagina and he asked [C.H.] to show him her
vagina, and she did, and he reached over and touched her vagina with his
finger.” Jones further testified that when he asked appellant “if that was
sexual to him,” appellant replied that it was. 
        In his written confession, appellant wrote the following: “About a few
years back I asked [C.H.] if she had hair on her private part and could I see it
and touch it. I did touch her one time in my car.” 
        In addition, McDonald testified that C.H. told her that appellant had
“touched her with his hand below the waist in the genital area more than once”
when they were in appellant’s car, and she wrote the following statement: 
“[C.H.] reluctantly shared with me that her stepfather had touched her in her
genital area more than once with his hand. She indicated these incidents
occurred in the car. When I asked her if there had been penetration she shook
her head from side to side to indicate no.” This evidence was sufficient to
corroborate appellant’s extrajudicial confessions. See Williams v. State, 958
S.W.2d 186, 190 (Tex. Crim. App. 1997); Chambers v. State, 866 S.W.2d 9,
15 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1100 (1994) (both holding
that a defendant’s extrajudicial confession must be corroborated by some
evidence that renders the commission of the offense more probable than it
would be without the evidence).
        Viewing all the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have found the essential elements of
indecency with a child beyond a reasonable doubt. We hold that appellant’s
convictions for aggravated sexual assault and indecency with a child were
supported by legally sufficient evidence. Accordingly, we overrule appellant’s
first point.
        In his second point, appellant contends that the trial court erred in
admitting his written confession.
        We review a trial court's ruling on a motion to suppress evidence under
a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). In reviewing the trial court's decision, we do not engage in our own
factual review. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no
pet.). At a suppression hearing, the trial judge is the sole trier of fact and judge
of the credibility of the witnesses and the weight to be given their testimony.
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Harrison v. State, 
144 S.W.3d 82, 85-86 (Tex. App.—Fort Worth 2004, pet. granted). Therefore,
we give almost total deference to the trial court's rulings on (1) questions of
historical fact and (2) application-of-law-to-fact questions that turn on an
evaluation of credibility and demeanor. Johnson v. State, 68 S.W.3d 644,
652-53 (Tex. Crim. App. 2002); Best, 118 S.W.3d at 861-62. However, we
review de novo a trial court's rulings on mixed questions of law and fact if they
do not turn on the credibility and demeanor of witnesses. Johnson, 68 S.W.3d
at 652-53; Harrison, 144 S.W.3d at 86. In this case, the trial court's ruling on
appellant’s motion to suppress was based on its evaluation of the credibility and
demeanor of appellant, Fowler, and Jones; therefore, we afford almost
complete deference to the trial court's ruling. See Drake v. State, 123 S.W.3d
596, 602 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).
        The statement of an accused may be used against him if it appears it was
freely and voluntarily made without compulsion or persuasion. Tex. Code Crim.
Proc. Ann. art. 38.21 (Vernon 2005). A statement is involuntary if it results
from “official, coercive conduct of such a nature that any statement obtained
thereby was unlikely to have been the product of an essentially free and
unconstrained choice.“ Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim.
App. 1995). Voluntariness must be determined by considering the totality of
the circumstances under which the statement was obtained. Arizona v.
Fulminante, 499 U.S. 279, 285, 111 S. Ct. 1246, 1251 (1991); Creager v.
State, 952 S.W.2d 852, 855 (Tex. Crim. App.1997).
        At the motion to suppress hearing and at trial, [3] appellant, Fowler, and
Jones testified about the events leading up to appellant’s decision to make a
written statement. Appellant testified that Fowler and Jones tricked him into
making the statement. According to appellant, Fowler told him what to write
in the statement, explained that she would compare it to C.H.’s statement to
determine whether C.H. was being truthful, and indicated that the statement
might help clear appellant’s name. Appellant also alleged that Fowler kept
telling him that he was a liar and in denial because “most step-fathers are
basically 99 percent guilty from the beginning.” When asked on cross-examination how he could think that writing a false confession would benefit
him, appellant replied that he trusted Fowler. Appellant further testified that he
did not read the printed waiver language on the statement form [4] because he
did not have his reading glasses with him, though he acknowledged that Fowler
and Jones had informed him of his constitutional rights before he made the
statement.
        Jones and Fowler testified that they had informed appellant of his
constitutional rights before he made the written statement and that appellant
had been cooperative and willing to speak with them and provide a written
statement. They also testified that they never told appellant that writing a
statement would clear his name. Fowler testified that she used no force,
coercion, or promises to secure appellant’s written statement. She also denied
dictating the content of the statement and telling appellant that she was going
to compare his statement to C.H.’s statement. Foster testified that he was not
in the room with appellant when he made the written statement. 
        The trial court had the opportunity to evaluate the witnesses' credibility
and demeanor and was free to believe Fowler’s and Jones’s testimony and
disbelieve appellant's. See Ross, 32 S.W.3d at 855. When there is conflicting
evidence about whether a confession was voluntary, the trial court is the sole
judge of facts at the suppression hearing, and we may not disturb any finding
supported by the evidence. See Dunn v. State, 721 S.W.2d 325, 336 (Tex.
Crim. App. 1986). Because there is evidence that appellant made his written
statement freely and voluntarily, we hold that the trial court did not abuse its
discretion in admitting appellant’s written confession. Accordingly, we overrule
appellant’s second point and affirm the trial court’s judgment.
 
                                                                  PER CURIAM

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005

 
NOTES
1. See Tex. R. App. P. 47.4.
2. The three-year sentence for indecency with a child was probated for five
years.
3. When, as here, the suppression issue has been consensually relitigated at
trial, we review the entire record, not just the record made at the suppression
hearing, to determine whether the confession was voluntary. See Rachal v.
State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).
4. Appellant wrote his confession on a statement form that provided as follows: 
“I do make the following voluntary statement . . . of my own free will and
without any promises or offers of leniency or favors, and without compulsion
or persuasion by any person or persons whomsoever.”