White v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-312-CR

GREGORY WHITE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gregory White appeals his convictions for aggravated sexual assault and indecency with a child.  In two points, appellant challenges the legal sufficiency of the evidence and contends that the trial court erred in admitting his written confession.  We affirm.

When C.H. was in middle school, she told a friend that her stepfather, appellant, had sexually abused her when she was in elementary school.  The friend persuaded C.H. to report the abuse to their school guidance counselor, Marilyn McDonald.  C.H. told McDonald that appellant had touched her several times in his car, but denied that the touching involved penetration. 

Following her outcry, C.H. was examined by sexual assault nurse examiner Donna Wright.  She told Wright that appellant put his finger in her vagina once after telling her that he was going to help her with her hygiene. C.H. was also interviewed by Detective Leddy Fowler.  During the interview, C.H. described two incidents of abuse in detail, and Fowler typed her oral statement.  C.H. described the first incident as follows:

One morning, near the end of her third grade year, C.H. was doing laundry when appellant asked her to come into his bedroom.  After she entered the room, appellant walked her into the master bathroom and asked her to pull down her pants.  When C.H. complied, appellant inserted his finger into her vagina and moved it in and out.  He then smelled his finger and told C.H. to take a bath and to return to his room when she was finished.  C.H. took a bath in a different bathroom and then returned to appellant’s room, where appellant again inserted his finger into her vagina and moved it in and out. 

C.H. recalled that the second incident occurred when she was riding in appellant’s car with him.  On that occasion, appellant asked C.H. to show him her vagina, and C.H. complied.   Appellant looked at her, without touching, until a ball rolled in front of the car and C.H. pulled up her pants. 

Appellant met with Fowler and Bobby Jones, a polygraph examiner, to discuss C.H.’s outcry.  During the meeting, appellant confessed orally to Jones and made a written confession in Fowler’s presence.

The State charged appellant by indictment with aggravated sexual assault and indecency with a child.  A jury found him guilty of both offenses, and the trial court sentenced him to six years’ incarceration for aggravated sexual assault and three years’ incarceration for indecency with a child.
(footnote: 2)
 In his first point, appellant contends that 
the evidence was legally insufficient to support his convictions.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

To convict appellant for aggravated sexual assault under the indictment, the State had to prove that appellant “intentionally or knowingly cause[d] the penetration of the female sexual organ 
of [C.H.], a child younger than 14 years of age who was not the spouse of [appellant] by inserting his finger into her female sexual organ.”  
See
 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(i) (Vernon Supp. 2004-05). 
 Appellant’s conviction for aggravated sexual assault was supported by C.H.’s testimony, her statement to Fowler, and Wright’s testimony.  

C.H. testified as follows:

Q.  Once you pulled your pants down, what happened next?

A.  Then–then–then–he put his finger in me.

Q.  Okay. You said you–he put his finger in you, what part of your body was he touching? 

A.  My vagina.

Q.  Your vagina?

A.  Yes.

Q.  Whenever he put his finger inside, did he just stick it in or was it still–or did–what happened?

A.  Just stick it in.

. . . 

Q.  Once you got back in the bathroom for the second time, what happened there?

A.  Did the same thing, to see if I smelt any better. 

Q.  Whenever it happened in the bathroom, did his finger go inside you?

A.  Yes. 

In her statement to Fowler, C.H. said, “He bent over and put his index finger in my vagina.  He moved it in and out for two or three seconds and then pulled it out. . . . He put his finger in my vagina again and moved it in and out.” Moreover, Wright testified that 
C.H. told her that appellant “stuck his finger up me.” 

Viewing all the evidence in the light most favorable to the verdict, we conclude that a 
rational trier of fact could have found the essential elements of aggravated sexual assault beyond a reasonable doubt.

Next, we address the sufficiency of the evidence to support appellant’s conviction for indecency with a child. 
 To convict appellant for indecency with a child under the indictment, the State had to prove that appellant “intentionally, with the intent to arouse or gratify the sexual desire of [appellant], engage[d] in sexual contact by touching any part of the genitals of [C.H.], a child younger than 17 years and not the spouse of [appellant].  
See
  
Id
. § 21.11(a)(1) (Vernon 2003).
  Appellant’s indecency with a child conviction was supported by appellant’s oral and written confessions and McDonald’s testimony and written statement.  

Jones testified that appellant told him that “there was one occasion when [C.H.] was nine years of age and they were riding in the car together, and he asked [C.H.] if she had hair on her vagina and he asked [C.H.] to show him her vagina, and she did, and he reached over and touched her vagina with his finger.”  Jones further testified that when he asked appellant “if that was sexual to him,” appellant replied that it was. 

In his written confession, appellant wrote the following:  “About a few years back I asked [C.H.] if she had hair on her private part and could I see it and touch it.  I did touch her one time in my car.” 

In addition, 
McDonald testified that C.H. told her that appellant had “touched her with his hand below the waist in the genital area more than once” when they were in appellant’s car, and she wrote the following statement:  
“
[C.H.] reluctantly shared with me that her stepfather had touched her in her genital area more than once with his hand.  She indicated these incidents occurred in the car.  When I asked her if there had been penetration she shook her head from side to side to indicate no.” 
 
This evidence was sufficient to corroborate appellant’s extrajudicial confessions. 
 See  Williams v. State
, 958 S.W.2d 186, 190 (Tex. Crim. App. 1997); 
Chambers v. State
, 866 S.W.2d 9, 15 (Tex. Crim. App. 1993), 
cert. denied
, 511 U.S. 1100 (1994) 
(both holding that a defendant’s extrajudicial confession must be corroborated by some evidence that renders the commission of the offense more probable than it would be without the evidence).

Viewing all the evidence in the light most favorable to the verdict, we conclude that a 
rational trier of fact could have found the essential elements of indecency with a child beyond a reasonable doubt.  We hold that appellant’s convictions for aggravated sexual assault and indecency with a child were supported by legally sufficient evidence.  Accordingly, we overrule appellant’s first point.

In his second point, appellant contends that 
the trial court erred in admitting 
his written confession.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. 
 Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Harrison v. State
,
 
 144 S.W.3d 82, 85-86 (Tex. App.—Fort Worth 2004, pet. granted).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best
, 118 S.W.3d at 861-62.  However, we review de novo a trial court's rulings on mixed questions of law and fact if they do not turn on the credibility and demeanor of witnesses.  
Johnson
, 68 S.W.3d at 652-53; 
Harrison
, 144 S.W.3d at 86.  
In this case, the trial court's ruling on appellant’s motion to suppress was based on its evaluation of the credibility and demeanor of appellant, Fowler, and Jones; therefore, we afford almost complete deference to the trial court's ruling.  
See Drake v. State
, 123 S.W.3d 596, 602 (Tex. App.—Houston [14
th
 Dist.] 2003, pet. ref’d).

The statement of an accused may be used against him if it appears it was freely and voluntarily made without compulsion or persuasion.  
Tex. Code Crim. Proc. Ann. 
art. 38.21 (Vernon 2005).  
A statement is involuntary if it results from “official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice.“ 
 Alvarado v. State
, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995).
  Voluntariness must be determined by considering the totality of the circumstances under which the statement was obtained.  
Arizona v. Fulminante
, 499 U.S. 279, 285, 111 S. Ct. 1246, 1251 (1991);
 
Creager v. State
, 952 S.W.2d 852, 855 (Tex. Crim. App.1997)
.

At the motion to suppress hearing and at trial,
(footnote: 3) appellant, Fowler, and Jones testified about the events leading up to appellant’s decision to make a written statement.  Appellant testified that Fowler and Jones tricked him into making the statement.  According to appellant, Fowler told him what to write in the statement, explained that she would compare it to C.H.’s statement to determine whether C.H. was being truthful, and indicated that the statement might help clear appellant’s name.  
Appellant also alleged that Fowler  kept telling him that he was a liar and in denial because “most step-fathers are basically 99 percent guilty from the beginning.”  When asked on cross-examination how he could think that writing a false confession would benefit him, appellant replied that he trusted Fowler.  
Appellant further testified that he did not read the printed waiver language on the statement form
(footnote: 4) because he did not have his reading glasses with him, 
though he acknowledged that Fowler and Jones had informed him of his constitutional rights before he made the statement.

Jones and Fowler testified that they had informed appellant of his constitutional rights before he made the written statement and that appellant had been cooperative and willing to speak with them and provide a written statement. 
 They also testified that they never told appellant that writing a statement would clear his name.  
Fowler testified that she used no force, coercion, or promises to secure appellant’s written statement.  She also denied dictating the content of the statement and telling appellant that she was going to compare
 his statement to C.H.’s statement.  Foster testified that he was not in the room with appellant when he made the written statement. 

The trial court had the opportunity to evaluate the witnesses' credibility and demeanor and was free to believe Fowler’s and Jones’s testimony and disbelieve appellant's. 
 See Ross
, 32 S.W.3d at 855.  When there is conflicting evidence about whether a confession was voluntary, the trial court is the sole judge of facts at the suppression hearing, and we may not disturb any finding supported by the evidence.
  See Dunn v. State
, 721 S.W.2d 325, 336 (Tex. Crim. App. 1986). 
 Because there is evidence that appellant made his written statement freely and voluntarily, 
we hold that the trial court did not abuse its discretion in admitting appellant’s written confession.  Accordingly, we overrule appellant’s second point and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 18, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The three-year sentence for indecency with a child was probated for five years.

3:
When, as here, the suppression issue has been consensually relitigated at trial, we review the entire record, not just the record made at the suppression hearing, to determine whether the confession was voluntary. 
 See Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).

4:
Appellant wrote his confession on a statement form that provided as follows:  “I do make the following voluntary statement . . . of my own free will and without any promises or offers of leniency or favors, and without compulsion or persuasion by any person or persons whomsoever.”