COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.  2-09-140-CR

 

 

THE STATE OF TEXAS                                                                             STATE

 

                                                             V.

 

ISSIAH BOWMAN                                                                                 APPELLEE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction








The
State appeals from the trial court=s
written order granting Appellee Issiah Bowman=s
motion to suppress evidence.  The State
concedes that the search of Appellee=s
car incident to his arrest on a traffic warrant is not valid under Arizona
v. Gant, 129 S. Ct. 1710 (2009), but the State contends that the trial
court should have nevertheless denied the motion to suppress because the
officers on the scene had independent probable cause to search Appellee=s
car under the automobile exception to the warrant requirement.  We affirm the trial court=s
order.

II. 
Procedural and Factual Background

Appellee
was indicted on September 12, 2008, for possessing more than four but less than
two hundred grams of a controlled substance. 
On April 27, 2009, the trial court conducted a hearing on Appellee=s
motion to suppress the evidence seized during the warrantless search of his
vehicle, and the trial court granted the motion.  The State thereafter filed this interlocutory
appeal.[2]

Detective
Tracey Crow, a Fort Worth Police Department narcotics officer, testified at the
suppression hearing that she received information from a confidential informant
in January 2008 that Appellee was a methamphetamine dealer.  On March 24, 2008, Detective Crow learned from
the same confidential informant that Appellee would be at the Albertson=s
parking lot near Ridgmar Mall in Fort Worth at a specified time, that he would
be driving a maroon Cadillac, that he would be meeting with his supplier, and
that he would be in possession of a substantial amount of methamphetamine. 








Officer
Harold Cussnick, a dog handler with the narcotics division, and Officer James
Fields, a patrol officer, assisted Detective Crow on the day of Appellee=s
anticipated meeting with his supplier. 
Officer Cussnick sat in a separate, unmarked patrol unit in another part
of the Albertson=s parking lot to conduct
surveillance and communicated by radio with Detective Crow.  Officer Fields waited in his patrol car
behind an adjacent business until he received instructions to initiate a
traffic stop of Appellee=s vehicle.  

Detective
Crow testified that she had already parked in the Albertson=s
parking lot before Appellee arrived.  She
watched Appellee exit his vehicle, go inside the Albertson=s,
and return to his vehicle approximately fifteen minutes later.  After Appellee returned to his vehicle, he
waited for his alleged supplier to arrive, and once the alleged supplier
arrived, Appellee exited his vehicle and walked toward the alleged supplier=s
vehicle.  Appellee then walked back to
his vehicle carrying a black plastic bag. 
Detective Crow testified that, based on her observation and the
information she had received from the confidential informant, she believed
Appellee had obtained a bag of methamphetamine from his supplier.  








Officer
Fields testified that he initiated a traffic stop of Appellee=s
vehicle after Appellee drove away from the Albertson=s
parking lot.  Officer Fields said that
Officer Cussnick had witnessed Appellee drive without a seatbelt and that he
had personally seen Appellee turn left without using his signal.  Officer Fields testified that the seatbelt
and turn-signal violations were the sole reasons he stopped Appellee=s
vehicle.  After confirming that Appellee
had an outstanding warrant,[3]
Officer Fields arrested Appellee, handcuffed him, placed him in the patrol car,
and conducted a search of Appellee=s
car incident to his arrest.  While
searching Appellee=s vehicle, Officer Fields
found a black plastic bag in the front passenger seat containing what he
believed to be methamphetamine. 

III. 
Standard of Review

We
review a trial court=s ruling on a motion to
suppress evidence under a bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total
deference to a trial court=s
rulings on questions of historical fact and application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor, but we review
de novo application-of-law-to-fact questions that do not turn on credibility
and demeanor.  Amador, 221 S.W.3d
at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson
v. State, 68 S.W.3d 644, 652B53
(Tex. Crim. App. 2002). 








When
the trial court grants a motion to suppress without filing findings of fact or
any other explanation, and the only evidence presented in the suppression
hearing is the testimony of the arresting officerCwhich,
if believed, clearly constitutes probable causeCthere
is not a Aconcrete@ set
of facts that can be implied from such a ruling.  State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000).  In those cases,
there is a mixed question of law and fact that turns on an evaluation of the
credibility and demeanor of the sole witness whom the trial court obviously
chose not to believe.  Id.; Guzman,
955 S.W.2d at 89.  In such cases, we view
the evidence in the light most favorable to the trial court=s
ruling, giving it almost total deference. 
Estrada, 154 S.W.3d at 607; Ross, 32 S.W.3d at 856;
Guzman, 955 S.W.2d at 89.

IV. 
Analysis








The
Fourth Amendment protects against unreasonable searches and seizures by
government officials.  U.S. Const. amend.
IV; Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).  A search conducted without a warrant is per
se unreasonable unless it falls within one of the Aspecifically
defined and well-established@
exceptions to the warrant requirement.  McGee
v. State, 105 S.W.3d 609, 615 (Tex. Crim. App.), cert. denied, 540
U.S. 1004 (2003); see Best v. State, 118 S.W.3d 857, 862 (Tex.
App.CFort
Worth 2003, no pet.).  One such exception
is the automobile exception, which provides that Aa
warrantless search of a vehicle is reasonable if law enforcement officials have
probable cause to believe that the vehicle contains contraband.@  Wiede, 214 S.W.3d at 24.  Another exception is a search incident to
arrest.  See Gant, 129 S. Ct. at
1723B24.  But A[p]olice
may search a vehicle incident to a recent occupant=s
arrest only if the arrestee is within reaching distance of the passenger
compartment at the time of the search or it is reasonable to believe the
vehicle contains evidence of the offense of arrest.@  Id. at 1723.

The
State correctly concedes that the search of Appellee=s
car incident to his arrest was unreasonable under Arizona v. Gant
because Appellee had been arrested for a traffic warrant and was handcuffed and
sitting in a patrol car at the time Officer Fields searched his car.  See id. at 1719, 1723B24.  However, despite the invalidity of the search
as one incident to Appellee=s
arrest, the State points to language in Gant that affirmed the viability
of the automobile exception and contends that the officers on the scene had
independent probable cause to search Appellee=s
car based on their collective knowledge and observations of the drug
transaction in the Albertson=s
parking lot.  See id. at 1721
(stating that exceptions other than search incident to arrest, including
automobile exception, Aauthorize a vehicle search
under additional circumstances when safety or evidentiary concerns demand@); see
also Woodward v. State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982) (holding
sum of information known to cooperating officers to be considered in
determining whether there is probable cause when there has been some
cooperation between the officers).  








The
State=s
reading of Gant is correct, but the mere existence of the automobile
exception does not compel reversal of the trial court=s
suppression ruling.  The only witnesses
at the suppression hearing were the investigating and arresting officers, and
although their testimony clearly constitutes probable cause if believed, there
are suggestions in the record that the trial court questioned whether Appellee
actually committed traffic violations and whether there was independent
probable cause to search Appellee=s
car.  For example, the trial court stated
at the suppression hearing that when the officers saw the bag being exchanged,
they Ashould
have swooped in on [Appellee] at that time and arrested him for that.  Not to stop him on a traffic violation, you
know, which could or could not have been trumped up.@  Further, we note that Detective Crow testified
that her initial report never specifically mentions a confidential informant
and is written as if the search of Appellee=s
car was solely a search incident to arrest. 
If the trial court doubted the veracity of Detective Crow=s
testimony concerning the existence or corroboration of the confidential
informant, the State=s remaining evidence in
support of probable cause is the officers=
collective observation of Appellee exchanging a black plastic bag with a person
in another vehicle in a parking lot, and that evidence does not establish
probable cause.  Moreover, the trial
court stated on the record:  AThe
problem is, of course, they stopped him just on a traffic arrest.  And that falls in line with Gant.@  See 129 S. Ct. at 1723B24.  








In
light of the trial court=s statements, we cannot
imply a concrete set of historical facts or presume the trial court found the
officers=
testimony to be entirely credible.  See
Ross, 32 S.W.3d at 856.  Thus,
because we are prevented by the applicable standard of review from conducting
our own factual review, are required to defer to the trial court=s
determinations of credibility and demeanor, and must view the evidence in the
light most favorable to the trial court=s
ruling by giving it almost total deference, we hold that the trial court did
not err by granting Appellee=s
motion to suppress.  See Estrada,
154 S.W.3d at 607; Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d at
89; Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  We therefore overrule the State=s
sole issue.

V. 
Conclusion

Having
overruled the State=s sole issue, we affirm the
trial court=s
order.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 15, 2010











[1]See Tex. R. App. P.
47.4.





[2]See Tex. Code Crim.
Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2009).





[3]Detective Crow
testified that she knew before the anticipated meeting that Appellee had an
outstanding warrant.