IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00290-CR

 

Gary Lyn Black,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. F41933

 



memorandum  Opinion



 

            A jury found Appellant Gary
Black guilty of possession of a controlled substance (methamphetamine, between
four and 200 grams) with intent to deliver, and assessed a thirty-year prison
sentence upon a “true” felony-enhancement finding.  Raising one issue, Black
appeals the trial court’s denial of his motion to suppress.  We will affirm.

We review a trial court’s
ruling on a motion to suppress evidence under a bifurcated standard of review. 
Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).  In
reviewing the trial court’s decision, we do not engage in our own factual
review.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State,
214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000), modified on other grounds by State v.
Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).  Therefore, we give almost
total deference to the trial court’s rulings on (1) questions of
historical fact, even if the trial court’s determination of those facts was not
based on an evaluation of credibility and demeanor; and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador,
221 S.W.3d at 673; Montanez v. State, 195 S.W.3d 101, 108-09 (Tex. Crim.
App. 2006); Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App.
2002).  But when application-of-law-to-fact questions do not turn on the
credibility and demeanor of the witnesses, we review the trial court’s rulings
on those questions de novo.  Amador, 221 S.W.3d at 673; Johnson,
68 S.W.3d at 652-53.

When reviewing the trial
court’s ruling on a motion to suppress, we must view the evidence in the light
most favorable to the trial court’s ruling.  Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court
makes explicit fact findings, we determine whether the evidence, when viewed in
the light most favorable to the trial court’s ruling, supports those fact
findings.  Kelly, 204 S.W.3d at 818-19.  We then review the trial court’s
legal ruling de novo unless its explicit fact findings that are supported
by the record are also dispositive of the legal ruling.  Id. at 819.

            Investigator Brent Dickey of
the S.T.O.P. Special Crimes Unit was in an undercover vehicle watching an
Alvarado house where Black was.  Black and a woman left the house and left in a
car, with the woman driving.  Dickey followed them.  They stopped and traded
places, with Black driving toward Burleson.  Dickey, who was familiar with
Black from recent drug investigations, was aware there had been active warrants
for Black’s arrest.  He called the “warrants” division of the Johnson County
Sheriff’s Office and learned they were still active.  Dickey, not wanting to
lose his undercover status, called for a marked Burleson police car to stop
Black based on the active arrest warrants.  Officer John Morgan stopped Black,
who did not have a driver’s license.  Morgan arrested Black on the outstanding
warrants and for having no driver’s license.

            In a pat-down search, Morgan
found a metal tin containing five baggies of methamphetamine.  Black moved to suppress
the drugs on the ground that the arrest warrants (for driving with expired
license plates and for failure to appear) issued by Johnson County Justice of
the Peace Pat Jacobs were invalid because the supporting complaints were made
after the warrants’ issuance.[1] 
After a suppression hearing, the trial court denied the motion, finding that
the Justice of the Peace’s arrest warrant for failure to appear was authorized under
article 45.103 of the Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 45.103
(Vernon 2006).

            Both in the trial court and
on appeal, Black asserts that the arrest warrants did not comply with Code of
Criminal Procedure article 15.03(a)(2) because the affidavits were made after
the arrest warrant.  See Tex.
Code Crim. Proc. Ann. art. 15.03(a)(2) (Vernon 2005) (“A magistrate may
issue a warrant of arrest or a summons:  When any person shall make oath before
the magistrate that another has committed some offense against the laws of the
State;”).  But we agree with the State that article 45.103 applies to the
“failure to appear” arrest warrant issued by the Justice of the Peace.  That
statute, entitled “Warrant Without Complaint,” provides:  “If a criminal
offense that a justice of the peace has jurisdiction to try is committed within
the view of the justice, the justice may issue a warrant for the arrest of the
offender.”  Tex. Code Crim. Proc. Ann.
art. 45.103.  The trial court did not err in concluding that article 45.103
allowed for the Justice of the Peace’s issuance of the arrest warrant without a
sworn complaint for failure to appear.  The arrest warrant was valid. 
Accordingly, the trial court did not abuse its discretion in denying the motion
to suppress.

            We overrule Black’s sole
issue and affirm the trial court’s judgment.

 

 

REX D. DAVIS

Justice




 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed July 28, 2010

Do
not publish

[CRPM]








 









[1] The failure-to-appear arrest warrant
was issued on April 19, 2007, and the court clerk’s sworn complaint for it was
signed on April 20, 2007.