

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00290-CR

**GARY LYN BLACK,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F41933**

## MEMORANDUM OPINION

A jury found Appellant Gary Black guilty of possession of a controlled substance (methamphetamine, between four and 200 grams) with intent to deliver, and assessed a thirty-year prison sentence upon a "true" felony-enhancement finding. Raising one issue, Black appeals the trial court's denial of his motion to suppress. We will affirm.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual

review.  *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).  But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo.  *Amador*, 221 S.W.3d at 673; *Johnson*, 68 S.W.3d at 652-53.

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling.  *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings.  *Kelly*, 204 S.W.3d at 818-19.  We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.  *Id.* at 819.

Investigator Brent Dickey of the S.T.O.P. Special Crimes Unit was in an undercover vehicle watching an Alvarado house where Black was. Black and a woman left the house and left in a car, with the woman driving. Dickey followed them. They stopped and traded places, with Black driving toward Burleson. Dickey, who was familiar with Black from recent drug investigations, was aware there had been active warrants for Black's arrest. He called the "warrants" division of the Johnson County Sheriff's Office and learned they were still active. Dickey, not wanting to lose his undercover status, called for a marked Burleson police car to stop Black based on the active arrest warrants. Officer John Morgan stopped Black, who did not have a driver's license. Morgan arrested Black on the outstanding warrants and for having no driver's license.

In a pat-down search, Morgan found a metal tin containing five baggies of methamphetamine. Black moved to suppress the drugs on the ground that the arrest warrants (for driving with expired license plates and for failure to appear) issued by Johnson County Justice of the Peace Pat Jacobs were invalid because the supporting complaints were made after the warrants' issuance.[1] After a suppression hearing, the trial court denied the motion, finding that the Justice of the Peace's arrest warrant for failure to appear was authorized under article 45.103 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 45.103 (Vernon 2006).

---

[1] The failure-to-appear arrest warrant was issued on April 19, 2007, and the court clerk's sworn complaint for it was signed on April 20, 2007.

Both in the trial court and on appeal, Black asserts that the arrest warrants did not comply with Code of Criminal Procedure article 15.03(a)(2) because the affidavits were made after the arrest warrant. *See* TEX. CODE CRIM. PROC. ANN. art. 15.03(a)(2) (Vernon 2005) ("A magistrate may issue a warrant of arrest or a summons: When any person shall make oath before the magistrate that another has committed some offense against the laws of the State;"). But we agree with the State that article 45.103 applies to the "failure to appear" arrest warrant issued by the Justice of the Peace. That statute, entitled "Warrant Without Complaint," provides: "If a criminal offense that a justice of the peace has jurisdiction to try is committed within the view of the justice, the justice may issue a warrant for the arrest of the offender." TEX. CODE CRIM. PROC. ANN. art. 45.103. The trial court did not err in concluding that article 45.103 allowed for the Justice of the Peace's issuance of the arrest warrant without a sworn complaint for failure to appear. The arrest warrant was valid. Accordingly, the trial court did not abuse its discretion in denying the motion to suppress.

We overrule Black's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed July 28, 2010
Do not publish
[CRPM]