

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00198-CR

Jorge **ALVAREZ-GOMEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 362070
Honorable Wayne A. Christian, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

        Jorge Alvarez-Gomez was found guilty by a jury of driving while intoxicated.  On appeal, Alvarez-Gomez raises four points of error asserting: (1) the evidence is insufficient to support the jury's verdict; (2) the trial court erred in denying his motion to suppress; (3) the trial court erred in denying an exclusion instruction under Article 38.23 of the Texas Code of Criminal Procedure; and (4) the trial court erred in conducting plea negotiations with the State.  We affirm the trial court's judgment.

## BACKGROUND

On May 17, 2011, San Antonio Police Officer David Luther was on patrol when he saw a vehicle stopped at a turnaround point on U.S. Highway 281. Officer Luther approached the vehicle to investigate and found Alvarez-Gomez slumped over the steering wheel with the vehicle in drive. When Officer Luther asked Alvarez-Gomez to put the vehicle in park, he noticed that Alvarez-Gomez was slow to react, and there was a strong odor of intoxicants. After ensuring the vehicle was in park, Officer Luther asked Alvarez-Gomez to step out of the vehicle. Alvarez-Gomez had difficulty standing up by himself, and his speech was slurred. Officer Luther asked whether he had been drinking, and Alvarez-Gomez responded affirmatively. After Officer Luther conducted a horizontal gaze nystagmus ("HGN"), a field sobriety test, he arrested Alvarez-Gomez. Alvarez-Gomez consented to a breath alcohol test which measured his breath alcohol content at .175 grams of alcohol per 210 liters of breath.

Alvarez-Gomez was charged by information with the offense of driving while intoxicated, to which he pled not guilty. A jury found him guilty, and the trial court sentenced him to six months confinement, probated for six months, and a $500 fine. Alvarez-Gomez appeals.

## SUFFICIENCY OF THE EVIDENCE

Alvarez-Gomez's challenge to the sufficiency of the evidence focuses on whether he was operating a motor vehicle while intoxicated. Alvarez-Gomez contends he was not driving the vehicle. He asserts that the person driving the vehicle went for help when the vehicle stalled in the turnaround.

A.     Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, we view the evidence "in a light most favorable to the verdict" to determine whether "a rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williams v. State*, 937 S.W.2d

479, 482 (Tex. Crim. App. 1996) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The jury has the exclusive responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 2013); *Dorsey v. State*, 24 S.W.3d 921, 924 (Tex. App.—Beaumont 2000, pet. ref'd). It is within the jury's providence to "believe or disbelieve all or any part of the evidence presented." *Dorsey*, 24 S.W.3d at 924.

B.     Discussion

Officer Luther testified about the events that took place on the night of May 17, 2011, when he came upon Alvarez-Gomez slumped over the steering wheel of the vehicle that was stopped in a turnaround. Officer Luther identified Alvarez-Gomez as the only person who was in the vehicle. Officer Luther testified that the vehicle was stopped but was not in park. He testified that upon approaching the vehicle he noticed the brake lights were on and observed through the window that the gear shift was not in park. In addition to Officer Luther's testimony, the dash camera video from Officer Luther's patrol car was also admitted into evidence. As a result, not only could the jury see the events as they happened, but they could hear what was said because Officer Luther had his microphone on during the incident. The jury heard Alvarez-Gomez state that he had been drinking. Finally, the evidence included the results from the intoxilyzer analysis which measured the content of alcohol in Alvarez-Gomez's breath. These results showed that Alvarez-Gomez's breath alcohol content was double the legal amount.

C.     Conclusion

Viewing the evidence in the light most favorable to the verdict, the evidence supported the jury's finding that Alvarez-Gomez was driving the vehicle while intoxicated. *Williams*, 937 S.W.2d at 482. Accordingly, we overrule Alvarez-Gomez's first point of error.

**MOTION TO SUPPRESS**

In Alvarez-Gomez's second point of error, he complains that the trial court erred in denying his motion to suppress because there was no probable cause to arrest him without a warrant; therefore, the evidence seized during his arrest was inadmissible under the Fourth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 9 of the Texas Constitution.

A.    Standard of Review

We review a trial court's decision to deny a motion to suppress for an abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).  We must view the record of the hearing in the light most favorable to the trial court's ruling.  *Id.* (citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)); *Ex Parte Moore*, 395 S.W.3d 153, 158 (Tex. Crim. App. 2013). As a basis for ruling on a motion to suppress, the trial court is entitled to believe or disbelieve any or all of the witnesses' testimony, and we are not at liberty to disturb any finding supported by the record.  *Amador v. State*, 275 S.W.3d 872, 878–79 (Tex. Crim. App. 2009).  Unless there is a clear showing of abuse of discretion, a trial court's ruling on the admissibility of evidence should not be disturbed.  *Moore*, 395 S.W.3d. at 158.

B.    Discussion

For Officer Luther to have probable cause to arrest Alvarez-Gomez without a warrant, he must have had reason to believe that Alvarez-Gomez was intoxicated while operating a motor vehicle.  *Banda v. State*, 317 S.W.3d 903, 911 (Tex. App.—Houston [14th Dist.] 2010, no pet.). A warrantless arrest was justified if Alvarez-Gomez was found in a suspicious place under suspicious circumstances which reasonably show he was driving while intoxicated.  TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(1) (West 2013).   The question is whether the facts and circumstances within Officer Luther's knowledge at the time of the arrest were sufficient to warrant a prudent man in believing that Alvarez-Gomez was driving while intoxicated.  *Carey v.*

*State*, 695 S.W.2d 306, 312 (Tex. App.—Amarillo 1985, no writ.). The trial court implicitly concluded that the State met its burden of proving that, under the totality of the circumstances, Alvarez-Gomez's warrantless arrest was supported by probable cause. Because the motion to suppress was not denied until the end of the trial, we may consider relevant trial testimony and evidence to determine whether the trial court abused its discretion. *Best v. State*, 118 S.W.3d 857, 862 (Tex. App.—Fort Worth 2003, no pet.).

The State argued that Officer Luther had probable cause to believe Alvarez-Gomez was driving while intoxicated. Officer Luther testified that he came upon the vehicle stopped in a turnaround with Alvarez-Gomez slumped over the steering wheel while the transmission was not in park. Officer Luther also testified that he smelled intoxicants, and that Alvarez-Gomez was slow to react, had slurred speech, and could not stand up on his own. The video from Officer Luther's dashboard camera shows that the brake lights were on when Officer Luther approached the vehicle. It also shows Alvarez-Gomez having trouble standing on his own, and the audio indicates his speech is slurred. From this evidence, Officer Luther had knowledge of sufficient facts and circumstances to warrant a prudent man in believing that Alvarez-Gomez had committed the offense of driving while intoxicated.

C.     Conclusion

Viewing the record in light of the trial court's ruling, the trial court did not abuse its discretion in denying the motion to suppress. *Shepherd*, 273 S.W.3d at 684; *Moore*, 395 S.W.3d at 158. Alvarez-Gomez's second point of error is overruled.

**JURY CHARGE**

In his third point of error, Alvarez-Gomez contends the trial court erred in denying his requested instruction regarding the exclusionary rule in the court's charge. Article 38.23 of the Texas Code of Criminal Procedure provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2013).

A jury instruction under Article 38.23 is only required if there is a genuine dispute about a material fact and this fact is affirmatively contested. *Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008). When there is no genuine dispute about a material fact, the trial court acts properly in refusing a request for an exclusionary rule instruction. *Best*, 118 S.W.3d at 866.

Alvarez-Gomez contends that the instruction was necessary because the HGN was not properly conducted. At the hearing on whether the instruction should be included, Alvarez-Gomez argued that there was a conflict between the police officer's testimony about how the HGN test was conducted and the defense's testimony about how the HGN test should be conducted according to the National Highway Traffic Safety Administration manual; therefore, the Article 38.23 instruction should be given in the jury charge. The trial court denied his motion stating that Alvarez-Gomez did not provide any evidence that the officer did not follow the proper procedures in conducting the HGN test. After reviewing the testimony, we agree the testimony did not create a genuine dispute about a material fact concerning the validity of the HGN test; therefore, the trial court did not err by denying the requested exclusionary-rule instruction. *Id.* We overrule Alvarez-Gomez's third point of error.

## EX PARTE COMMUNICATIONS

In his final point of error, Alvarez-Gomez contends the trial court erred in conducting ex parte communications with the prosecution. After the jury returned a guilty verdict, the trial court contacted the prosecution without all parties present "to see if the State would be willing to allow

me to grant a motion for mistrial." The trial court did not agree with the jury's verdict and wanted to grant a mistrial with the understanding that Alvarez-Gomez would be charged with a lesser offense of obstruction of a highway, "which [the trial court] thought was more appropriate for this case since it involved a vehicle stuck in the middle of an intersection." The State declined the offer to allow the trial court to grant a mistrial stating it would not "disparage the verdict of a Texas jury." We must determine whether these communications were ex parte and, if so, whether the communications require a reversal.

A.      Ex parte Communications

An ex parte communication is one that involves fewer than all parties who are legally entitled to be present during the discussion of any matter. *Erskine v. Baker*, 22 S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied). The purpose of prohibiting ex parte communications is to ensure equal treatment of all parties. *Abdygapparova v. State*, 243 S.W.3d 191, 207 (Tex. App.—San Antonio 2007, pet. ref'd). The trial court acknowledged on the record that it contacted the prosecution, without informing Alvarez-Gomez, to see if the State was willing to allow the trial court to declare a mistrial. The trial court believed that a new trial should be granted with Alvarez-Gomez being offered a lesser offense. Because Alvarez-Gomez was not a party to these communications, the communications were ex parte.

B.      Harmless Error

A reviewing court is to disregard nonconstitutional error that does not affect the substantial rights of the defendant. TEX. R. APP. P. 44.2(b); *Ford v. State*, 73 S.W.3d 923, 924–25 (Tex. Crim. App. 2002). In this case the error occurred during the sentencing phase of the trial, and Alvarez-Gomez had elected for the trial court to assess his sentence. When determining whether the defendant's substantial rights are affected by the trial court's error in a nonjury proceeding, we consider whether the defendant had "a right to that which the error denied." *Johnson v. State*, 72

S.W.3d 346, 348 (Tex. Crim. App. 2002). If it appears that the error did not influence the result, however, or had only a slight effect, we should not overturn a criminal conviction. *Smith v. State*, 290 S.W.3d 368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). While it is true that the trial court erred in engaging in ex parte communications that deprived Alvarez-Gomez of his right to be present, the record does not show that the ex parte communications influenced the trial court's sentence. Accordingly, because the ex parte communications did not affect Alvarez-Gomez's substantial rights, we overrule Alvarez-Gomez's final point of error.

## CONCLUSION

Having overruled Alvarez-Gomez's four points of error, we affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH